UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRESSIE LITTLE, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:11-CV-00728-NAB |
| BIG LOTS STORES, INC., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Presently before the Court is Plaintiff's Motion for Leave to File First Amended Complaint and Plaintiff's Motion to Remand to State Court. [Doc. 17]. Defendant did not respond to the Motions. Having fully considered the arguments set forth by Plaintiff, the Court grants Plaintiff's Motion for Leave to File First Amended Complaint.[1] The Court will reserve ruling on the Motion to Remand.

### Discussion

This personal injury action was removed to this Court by Defendant from the Circuit Court of the City of Saint Louis, Missouri ("state court") on April 25, 2011 pursuant to 28 U.S.C. § 1441(a) on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a).[2] *See* [Doc. 1]. Plaintiff now seeks leave to amend the Complaint to add an additional negligence count against a new named defendant, KRC Christy 804, Inc. ("KRC Christy"). Plaintiff also seeks to have this action remanded to state court on the basis that the new defendant is a Missouri corporation, and if added to this action, would divest the Court of diversity jurisdiction. [Doc. 17].

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), the parties consented to the jurisdiction of the undersigned United States Magistrate. [Doc. 9].

[2] Plaintiff is a citizen of Missouri; Defendant is an Ohio Corporation with its principal place of business in Ohio.

Under the Case Management Order, additional parties were to be joined no later than July 11, 2011. [Doc. 10]. However, Plaintiff claims that she did not learn that KRC Christy is the actual owner/landlord of the premises on which the incident at issue occurred until she received Defendant's discovery responses on December 28, 2011. Plaintiff now seeks to add a negligence claim against KRC Christy. Finding that the proposed claim against KRC Christy arises from the same act or occurrence and involves common questions of law and fact, *see* Fed. R. Civ. P. 20, the Court sees no reason to deny Plaintiff's request for leave to amend the complaint. *See* Fed. R. Civ. P. 15(a)(2) (The court should freely give leave to amend pleadings when justice so requires). Furthermore, Defendant has raised no objections. Therefore, the Court will grant Plaintiff's Motion for Leave to File an Amended Complaint.

The Court will reserve ruling on Plaintiff's Motion to Remand.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint is **GRANTED** [Doc. 17];

**IT IS FURTHER ORDERED** that the Court will reserve ruling on Plaintiff's Motion to Remand.

Dated this 24th day of January, 2012.

/s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE